_____

CASE NO. 13-1433
_____

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES

v.

BENIGNO HERNANDEZ-CLANDER
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BRIEF OF BENIGNO HERNANDEZ-CLANDER**
_____

Alan D. Rose (CAB #29639)
Brian D. Lipkin (CAB #1159011)
ROSE, CHINITZ & ROSE
One Beacon Street, 23rd Floor
Boston, Massachusetts  02108
(617) 536-0040

_____

JANUARY 30, 2014

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**     **i**

**REASONS WHY ORAL ARGUMENT SHOULD BE HEARD**     **1**

**JURISDICTIONAL STATEMENT**     **1**

**STATEMENT OF THE ISSUES**     **1**

**STATEMENT OF THE CASE**     **1**

**SUMMARY OF ARGUMENT**     **4**

**STANDARD OF REVIEW**     **5**

**ARGUMENT**     **6**

**CONCLUSION**     **13**

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

United States v. Al-Rikabi,
606 F.3d 11 (1st Cir. 2010) ................................................................... passim

United States v. Appolon,
695 F.3d 44 (1st Cir. 2012) ................................................................... 11

United States v. Flores-de-Jesus,
569 F.3d 8 (1st Cir. 2009) ..................................................................... passim

United States v. Fuller,
897 F.2d 1217 (1st Cir. 1990) ............................................................... 6

United States v. Lopez,
299 F.3d 84 (1st Cir. 2002) ................................................................... 1

United States v. Ofray-Campos,
534 F.3d 1 (1st Cir. 2008) ..................................................................... 7, 10, 12

United States v. Ortiz,
966 F.2d 707 (1st Cir. 1992) ................................................................. 13

United States v. Patrick,
248 F.3d 11 (1st Cir. 2001) ................................................................... 11

United States v. Ramos-Paulino,
488 F.3d 459 (1st Cir. 2007) ................................................................. passim

United States v. Thiongo,
344 F.3d 55 (1st Cir. 2003) ................................................................... 6

## REASONS WHY ORAL ARGUMENT SHOULD BE HEARD

This appeal presents a significant issue concerning the interpretation of Section 3B1.1 of the Sentencing Guidelines. To justify a sentence enhancement based on a defendant's role in the offense, is the Government required to prove that he organized, led, managed, or supervised another person?

## JURISDICTIONAL STATEMENT

Benigno Hernandez-Clander appeals his sentence, as of right, under 18 U.S.C. § 3742(a). The U.S. District Court for the District of Puerto Rico (Besosa, J.) sentenced Mr. Hernandez-Clander on March 7, 2013. ADD1-ADD5. He filed a timely notice of appeal on March 15, 2013. R37-R38; see Fed. R. App. P. 4(b)(1)(A).

## STATEMENT OF THE ISSUES

Whether the District Court erred by enhancing Mr. Hernandez-Clander's sentence based on his role in a drug transaction, where the Government presented no evidence that he had organized, led, managed, or supervised another person?

## STATEMENT OF THE CASE

Because this appeal involves sentencing issues following Mr. Hernandez-Clander's guilty plea, the following facts are taken from the presentence report and its addendum. See United States v. Lopez, 299 F.3d 84, 86 (1st Cir. 2002) (quoting United States v. Brady, 168 F.3d 574, 576 (1st Cir. 1999)).

Mr. Hernandez-Clander has no criminal history.  R108.  For the past eight years, he worked as a paralegal for the Dominican Republic Ministry of Sports.  R188.  He is one semester away from earning a law degree.  R111.

The presentence report stated that during an April 2012 phone call, Mr. Hernandez-Clander agreed to purchase cocaine from an undercover agent.  R104.  He met the agent at a parking lot in Puerto Rico on May 3, 2012.  Id.  After Mr. Hernandez-Clander inspected the cocaine, he had no further involvement in the transaction.  See R104-R106.  The agent called a codefendant, Pedro Hernandez-Ubiera, to direct him to the parking lot.  R105.  Mr. Hernandez-Ubiera told the agent that a red Nissan would arrive with money.  Id.  Another codefendant, Francisco Mercedes, arrived in a red Nissan and was carrying money.  Id.  Mr. Hernandez-Ubiera joined Mr. Mercedes, said he had spoken with the agent on the phone, and inspected the cocaine.  R106.

Mr. Hernandez-Clander was arrested and charged with (1) conspiracy to possess cocaine with intent to distribute, and (2) attempted possession of cocaine with intent to distribute.  R33-R36.  He pled guilty to these offenses.  R41.  In the presentence report, the probation officer calculated a base offense level of 36.  R107-R108.  Because Mr. Hernandez-Clander had accepted responsibility, the probation officer recommended a three-level reduction, for an adjusted offense level of 33.  R108.

On December 28, 2012, the prosecutor e-mailed the probation officer with two objections to the presentence report.  R117.  First, the prosecutor argued Mr. Hernandez-Clander should receive a two-level enhancement for his role in the offense.  Id.  Second, the prosecutor argued that Mr. Hernandez-Clander should only receive a two-level reduction for his acceptance of responsibility, because he had not pled guilty in a timely manner.  Id.

On January 9, 2013, the probation officer discussed these objections with the prosecutor and one of the case agents.  R118.  As a result of this discussion, the probation officer filed an addendum to the presentence report, which cited the following hearsay and speculation regarding Mr. Hernandez-Clander's role in the offense:

> we were informed that the defendant not only negotiated the terms and conditions of the transaction, but that he had decision making authority during the commission of the offense, and that he traveled to Puerto Rico exclusively to conduct this transaction.  Furthermore, we were informed that during the course of the negotiations leading to the transaction and during the commission of the offense, the defendant discussed his multiple ongoing activities as a broker and organizer of illicit drug transactions between the Dominican Republic and Puerto Rico.

Id.

The codefendants, Mr. Hernandez-Ubiera and Mr. Mercedes, received sentences of 151 months each.  R177.  The District Court sentenced

Mr. Hernandez-Clander on March 7, 2013.  <u>See</u> R162-R192.  Mr. Hernandez-Clander objected that the Court should not enhance his sentence based on his role in the offense.  R123, R173-R175.  The Court expressed doubt that there could have been "a headless conspiracy," and stated that: "Mr. Mercedes says it wasn't him.  The other person says it wasn't him.  Now Mr. Hernandez says it wasn't him."  R173.

The Court calculated a base offense level of 36.  R187.  Finding that Mr. Hernandez-Clander had acted as an organizer, leader, manager, or supervisor, the Court applied a two-level enhancement.  R187.  Based on his acceptance of responsibility, the Court applied a two-level reduction.  R187-R188.  The adjusted offense level of 36, when combined with Mr. Hernandez-Clander's lack of any criminal history, produced a Sentencing Guidelines range of 188 to 235 months.  R188.  The Court sentenced Mr. Hernandez-Clander to 188 months' imprisonment.  R189.

## <u>SUMMARY OF ARGUMENT</u>

The sentencing judge erred by enhancing Mr. Hernandez-Clander's sentence based on his role in the offense, because the Government failed to prove that he organized, led, managed, or supervised another person.  As a matter of law, it was insufficient for the Government to show that he organized, led, managed, or supervised the activities of the conspiracy.

4

## STANDARD OF REVIEW

Mr. Hernandez-Clander's claim, that there was insufficient evidence to support a role-in-the-offense enhancement, is subject to review de novo. "A question about whether the evidence is sufficient to support a particular guideline determination is a question of law and, therefore, engenders de novo review."[1] United States v. Flores-de-Jesus, 569 F.3d 8, 34 (1st Cir. 2009) (quoting United States v. Ramos-Paulino, 488 F.3d 459, 463 (1st Cir. 2007)).

## ARGUMENT

**I.    As a matter of law, the District Court erred by enhancing Mr. Hernandez-Clander's sentence based on his role in the offense, because the Government presented no evidence that he organized, led, managed, or supervised another person.**

"The government bears the burden of proving that an upward role-in-the-offense adjustment is appropriate in a given case." United States v. Al-Rikabi, 606 F.3d 11, 14 (1st Cir. 2010) (citing United States v. Cruz, 120 F.3d 1, 3 (1st Cir. 1997)). To meet this burden, the Government must establish that: "(i) the criminal activity involved at least two, but fewer than five, complicit individuals (the defendant included); and (ii) in committing the offense, the defendant exercised

---

[1] If the sentencing judge had found facts—which did not occur here—this Court would review the findings for clear error. United States v. Flores-de-Jesus, 569 F.3d 8, 34 (1st Cir. 2009) (citing United States v. Pierre, 484 F.3d 75, 88 (1st Cir. 2007)).

control over, managed, organized, or superintended the activities of at least one other participant."[2] Id. (citing Cruz, 120 F3d. at 3.)

The Sentencing Guidelines do not define the terms "organizer, leader, manager, or supervisor," but suggest courts should consider the following factors in determining a defendant's role:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

Flores-de-Jesus, 569 F.3d at 34 (quoting U.S.S.G. § 3B1.1 cmt. 4) (citing United States v. Soto-Beniquez, 356 F.3d 1, 54 (1st Cir. 2004)). Evidence that a defendant was involved in extensive criminal activity, or that a transaction involved a large quantity of drugs, is insufficient to support a finding that he was an organizer, leader, manager, or supervisor. United States v. Thiongo, 344 F.3d 55, 63 (1st Cir. 2003) (citation omitted); United States v. Fuller, 897 F.2d 1217, 1221-22 (1st Cir. 1990) (observing that Sentencing Guidelines already take quantity of drugs into account in determining base offense level).

---

[2] The record before the District Court did not indicate that Mr. Hernandez-Clander directed the activities of the undercover agent. See R100-R119. Even if he had, government agents do not count as "participants" for the purpose of a role-in-the-offense enhancement. Ramos-Paulino, 488 F.3d at 463 (citing U.S.S.G. § 3B1.1 cmt. 1).

This Court has recognized "the unambiguous case law holding that management of criminal activities, standing alone, does not constitute a basis for a role-in-the-offense enhancement under section 3B1.1." Ramos-Paulino, 488 F.3d at 464 (citations omitted). To prove that a role-in-the-offense enhancement should apply, the Government must establish that the defendant controlled, organized, or managed *criminal actors*. Flores-de-Jesus, 569 F.3d at 34 (quoting United States v. Ofray-Campos, 534 F.3d 1, 40 (1st Cir. 2008)) (requiring evidence that defendant "exercised authority or control over another participant on one occasion"). "It is not enough . . . that the defendant merely controlled, organized, or managed criminal *activities* . . . ." Id. (quoting Ofray-Campos, 534 F.3d at 40). When the basis for a role-in-the-offense enhancement is unclear from the record, the sentencing judge "must make a specific finding which identifies those managed 'with enough particularity to give credence to the upward adjustment.'" Ofray-Campos, 534 F.3d at 40 (quoting United States v. Medina, 167 F.3d 77, 80 (1st Cir. 1999)).

In this case, Mr. Hernandez-Clander does not challenge the District Court's finding that the drug transaction involved two other people (the codefendants). However, the Government failed to prove the second element: that Mr. Hernandez-Clander organized, led, managed, or supervised another person. See Al-Rikabi, 606 F.3d at 14 (citing Cruz, 120 F.3d at 3) (requiring proof of this element). In an

attempt to justify the Government's claim, the prosecutor told the probation officer that:

- Mr. Hernandez-Clander negotiated the terms and conditions of the transaction;

- "he had decision making authority during the commission of this offense";

- he traveled to Puerto Rico to complete the transaction; and

- he had brokered and organized other drug transactions between the Dominican Republic and Puerto Rico.

R117-R118. These statements suggest, at most, that Mr. Hernandez-Clander was involved in the activities of the conspiracy—negotiating and facilitating drug transactions. If backed up with evidence presented at the sentencing hearing, these statements might also have supported a finding that Mr. Hernandez-Clander was involved in other drug transactions, and that this transaction involved a large amount of money. The record before the District Court, though, contained no evidence that Mr. Hernandez-Clander organized, led, managed, or supervised another person with respect to the transaction with which he was charged and to which he pled guilty.

Al-Rikabi, like this case, involved a drug conspiracy. 606 F.3d at 13. The defendant's role was to supply drugs to a lower level dealer. Id. The sentencing judge enhanced the defendant's offense level based on the defendant's managerial

role.  Id. at 14.  In reversing, this Court stated "that more than shared criminal activity is needed to give rise to a managerial role adjustment.  There must be some additional fact or facts that will permit a factfinder to draw a founded inference about the nature of the particular relationship."  Id. at 15 (citations omitted).  The defendant in Al-Rikabi had arranged meeting times, meeting places, drug quantities, and drug prices, but these facts were insufficient to establish his role in the offense.  Id. (citations omitted).  The Court noted what the record did *not* contain: "proof of orders given and obeyed"; evidence that the defendant had paid the lower level dealer for her services; or evidence that the lower level dealer depended exclusively on the defendant to supply her with drugs.  Id. at 14.  This lack of evidence that the defendant had organized, led, managed, or supervised another person precluded the application of a role-in-the-offense enhancement. See id.

Faced with similar facts in Flores-de-Jesus, this Court also reversed the application of a role-in-the-offense enhancement, because there was no evidence that the defendant organized, led, managed, or supervised another person.   569 F.3d at 34.  The defendant in Flores-de-Jesus was a "runner" who transported drugs and money.  Id.  Although he "played an essential role in the drug trafficking *operation*," there was no evidence that he "exercised control over any individual . . . [or] oversaw their activities."  Id. (quoting Ofray-Campos, 534 F.3d

9

at 40) (omission and alteration in original).  The Court concluded it was not enough that the defendant had controlled "the property, assets or activities of a criminal organization," and asserted that the Government's argument to that effect was "squarely foreclosed by our precedent."  Id. (quoting Ofray-Campos, 534 F.3d at 41).

This Court reached the same result in Ramos-Paulino, which involved a defendant who participated in a human trafficking conspiracy.  488 F.3d at 464. The sentencing judge noted the defendant's leadership role in the *activities* of the conspiracy, finding "that the defendant was the principal contact for the smuggled aliens, that she was apparently responsible for determining fees and accepting payments, that she procured the false identification documents, and that she had some influence over the scheduling of the transports."  Id.  This evidence was not enough to support a role-in-the-offense enhancement, because it did not establish that she had controlled, managed, organized, or superintended another person's activities.  Id.

This case falls squarely within the rule that "management of criminal activities, standing alone, does not constitute a basis for a role-in-the-offense enhancement under section 3B1.1."  Id. (citations omitted); see also Ofray-Campos, 534 F.3d at 41 (reversing role-in-the-offense enhancement that was based only on defendant's control over "the property, assets, or activities of a criminal

organization"). The record before the sentencing judge did not establish that Mr. Hernandez-Clander organized, led, managed, or supervised another person. Mr. Hernandez-Clander's situation is unlike cases where this Court affirmed role-in-the-offense enhancements, because here there was no evidence that he directed another member of the conspiracy. See, e.g., United States v. Appolon, 695 F.3d 44, 70 (1st Cir. 2012) (affirming that defendant was leader where he inducted new participant into scheme and "largely guided his actions"); United States v. Patrick, 248 F.3d 11, 27 (1st Cir. 2001) (affirming that defendant acted as manager or supervisor because he gave orders to younger gang members).

In this case, the addendum to the presentence report suggested Mr. Hernandez-Clander had some responsibility for arranging the transaction, executing it, and traveling to Puerto Rico to complete it. R117-R118. The addendum also stated that he had "brokered and organized" similar drug transactions. Id. These allegations, which the District Court implicitly credited, would support a finding that Mr. Hernandez-Clander—like the defendants in Al-Rikabi, Flores-de-Jesus, Ramos-Paulino, and Ofray-Campos—was involved in the *activities* of the conspiracy and was responsible for its money and property.

However, the Government did not meet its burden to identify any *criminal actor* whom Mr. Hernandez-Clander organized, led, managed, or supervised. The District Court also did not make any finding that Mr. Hernandez-Clander had

11

organized, led, managed, or supervised another person.  <u>Ofray-Campos</u>, 534 F.3d at 40 (requiring a specific finding on this issue).  Indeed, the record strongly supported the opposite inference: that he had not directed anyone.  <u>See</u> R104-R106.  The presentence report stated that he negotiated the drug transaction with an undercover agent.  R104.  The agent picked up Mr. Hernandez-Clander in a taxi, and they drove to the parking lot where the transaction was going to take place.  R104-R105.  Mr. Hernandez-Clander inspected the cocaine.  R105.  The agent (not Mr. Hernandez-Clander) called the other participants and summoned them to the parking lot.  <u>Id.</u>  Mr. Hernandez-Clander was then arrested.  R106.

The District Court stated this could not have been a "headless conspiracy." R173.  Based on the previous denials of Mr. Mercedes and Mr. Hernandez-Ubiera, the Court assumed that Mr. Hernandez-Clander must have been the leader.  <u>See id.</u> Given the lack of evidence regarding Mr. Hernandez-Clander's role, however, this assumption was mere speculation, and erroneous as a basis for sentence enhancement.  There was no evidentiary basis to conclude that Mr. Hernandez-Clander did anything more than negotiate and participate in the transaction.  In other words, at most, he showed up at a prearranged time to buy cocaine.  <u>See</u> R104-R106.

The District Court's error in applying a role-in-the-offense enhancement requires that Mr. Hernandez-Clander be resentenced.  <u>See Ramos-Paulino</u>, 488

12

F.3d at 463 (citations omitted) ("When an error in the calculation of the defendant's guideline range affects or arguably affects the sentence imposed, that error will require resentencing.").  "Relatively small increases in a defendant's offense level can have serious consequences at sentencing."[3]  United States v. Ortiz, 966 F.2d 707, 717 (1st Cir. 1992) (reversing application of role-in-the-offense enhancement that had been based on sentencing judge's hunch); see also Ramos-Paulino, 488 F.3d at 464 (citation omitted) ("Even under an advisory guidelines regime, the sentencing court is obliged to calculate the guideline range correctly.").  Because the District Court had no evidentiary basis to find that Mr. Hernandez-Clander organized, led, managed, or supervised another person, the judgment should be reversed and he should be resentenced.

## CONCLUSION

Mr. Hernandez-Clander respectfully requests that the Court vacate his sentence and remand this matter for resentencing.

---

[3] The District Court calculated an adjusted offense level of 36, which produced a Sentencing Guidelines range of 188 to 235 months.  R187-R188.  If the District Court had not erred by applying a two-level enhancement based on Mr. Hernandez-Clander's role in the offense, then his adjusted offense level of 34 would have produced a Sentencing Guidelines range of 151 to 188 months.

Respectfully submitted,

Benigno Hernandez-Clander,

By his attorneys,

/s/ Brian D. Lipkin
Alan D. Rose (CAB #29639)
Brian D. Lipkin (CAB #1159011)
ROSE, CHINITZ & ROSE
One Beacon Street, 23rd Floor
Boston, Massachusetts  02108
(617) 536-0040

Dated: January 30, 2014

## CERTIFICATE OF SERVICE

On January 30, 2014, I e-filed this brief through the ECF system, in which

the following attorney is a registered participant:

Nelson Jose Perez-Sosa
U.S. Attorney's Office
350 Carlos Chardon Avenue
Torre Chardon, Room 1201
San Juan, Puerto Rico  00918

/s/ Brian D. Lipkin

## ADDENDUM

**JUDGMENT**                                                                                ADD1-ADD5

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## JUDICIAL DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| | ) | |
| BENIGNO HERNANDEZ-CLANDER | ) | Case Number:   12-CR-433-01(FAB) |
| | ) | USM Number:   39418-069 |
| | ) | |
| | ) | Juan A. Albino-Gonzalez |
| | | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    One (1) and Two (2) on October 2, 2012

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 | Conspiracy to possess with intent to distribute five kilograms or more of cocaine. | 5/03/2012 | 1 |
| 21:846; 18:2 | Attempt to possess with the intent to distribute controlled substances. | 5/03/2012 | 2 |
| | | | |

The defendant is sentenced as provided in pages 2 through    5    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/7/2013
Date of Imposition of Judgment

S/   Francisco A. Besosa
Signature of Judge

Francisco A. Besosa             U.S. District Judge
Name and Title of Judge

3/7/2013
Date

ADD1

AO 245B    (Rev. 09/11) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page   2   of   5  

DEFENDANT:  BENIGNO HERNANDEZ-CLANDER
CASE NUMBER:  12-CR-433-01(FAB)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

ONE HUNDRED EIGHTY-EIGHT (188) MONTHS
as to each Counts 1 and 2 to be served concurrently with each other

☑ The court makes the following recommendations to the Bureau of Prisons:

That defendant serve the time of imprisonment at Fort Dix, NJ.
That defendant be allowed to participate, if he qualifies, in the 500-hour drug treatment program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

ADD2

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 5 |

DEFENDANT:      BENIGNO HERNANDEZ-CLANDER
CASE NUMBER:   12-CR-433-01(FAB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE (5) YEARS
as to each Counts 1 and 2 to be served concurrently with each other

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

ADD3

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:     BENIGNO HERNANDEZ-CLANDER                    Judgment—Page __4__ of __5__
CASE NUMBER:   12-CR-433-01(FAB)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. He shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. He shall not commit another Federal, state, or local crime.

3. He shall not possess firearms, destructive devices or other dangerous weapons.

4. He shall not possess controlled substances.

5. If removed by the Bureau of Immigration and Customs Enforcement, he shall remain outside the United States, and all places subject to its jurisdiction unless prior written permission to reenter is obtained from the pertinent legal authorities and defendant notifies the probation officer of this Court to that effect in writing.

6. He shall cooperate in the collection of a DNA sample, as directed by the Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Sec. 3563(a)(9).

ADD4

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 5 | of | 5 |

DEFENDANT:  BENIGNO HERNANDEZ-CLANDER
CASE NUMBER:  12-CR-433-01(FAB)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ NONE | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

ADD5